**FILED**
**01-31-2020**
**Clerk of Circuit Court**
**Brown County, WI**
**2020CV000157**
**Honorable Marc A. Hammer**
**Branch 5**

**EXHIBIT**

**1**

STATE OF WISCONSIN     CIRCUIT COURT     BROWN COUNTY

James R. Lovas,
1122 Tyson Road                          Case No.: _____
Eagle River, WI 54521                    Case Code: 30303

                          Plaintiff,

   v.

UnitedHealthcare Specialty Benefits, LLC
300 Southborough Drive
South Portland, Maine 04106

                          Defendant.

---

## COMPLAINT

---

NOW COMES the Plaintiff, James R. Lovas, by his attorneys, Ben Lucareli, Lucareli Law Offices, LLC, and John Mayer, Nash, Spindler, Grimstad & McCracken LLP, and as and for a Complaint hereby allege as follows:

### THE PARTIES

1. Plaintiff, James Lovas, is an adult resident of Wisconsin, who resides at 1122 Tyson Road, Eagle River, Wisconsin 54521.

2. Plaintiff was the brother of Steven Lovas.

3. Upon information and belief, Defendant UnitedHealthcare Specialty Benefits, LLC, is a Maine Company doing business in all counties of Wisconsin with its principal office located at 300 Southborough Drive, South Portland, Maine, 04106, and registered agent CT Corporation System, 301 S. Bedford St. Suite 1, Madison, Wisconsin 53703.

## GENERAL ALLEGATIONS

4. At all times material and relevant to this Complaint, Steven Michael Lovas was enrolled in a group level benefit term life insurance policy, Policy 0773384 ("the Policy"), with his brother, Plaintiff James Lovas, named as the sole beneficiary. The amount of insurance under the Policy was $25,000.

5. At all times material and relevant to this Complaint, Steven Lovas was an employee at Herdeman Corporation in Cudahy, Wisconsin, and received the life insurance policy relevant to this Complaint through his employment at Herdeman Corporation.

6. Steven Lovas passed away on November 12, 2018. Plaintiff submitted a Request for Life Insurance Benefits to Defendant on or about December 12, 2018, and Defendant denied Benefits on or about January 28, 2019.

7. The death certificate identifies the manner of death as "natural," and the cause of death as "alcoholic cirrhosis."

8. The Policy provides life insurance benefits to "all full-time employees," and defines a "full-time" employee as an employee "working at least 35 hours per week."

9. The Policy defines a "covered person" as "the employee covered under the policy."

10. The Policy defines "Actively at Work" as a Covered Person reporting "for work at his usual place of employment . . . and is able to perform the material and substantial duties of his regular occupation for the entire normal workday."

11. At all times material and relevant to this Complaint, Steven Lovas was a "covered person" under the Policy.

12. In the letter denying benefits, sent from Defendant to Plaintiff on or about January 28, 2019, Defendant states that it was unable to provide benefits to Plaintiff because Steven

Lovas "did not work the minimum number of hours required," and as a result "was not eligible for benefits."

13. The letter sent from Defendant to Plaintiff on or about January 28, 2019, states that Steven Lovas' last day worked was October 2, 2018, that "payroll records provided show that [Steven Lovas] worked on average 24.04 hours per week for the 12 week period prior to his date last worked."

14. The letter sent from Defendant to Plaintiff on or about January 28, 2019, further states that Defendant "reviewed [Steven Lovas'] time records for the full year from October 2017 through October 2018 and determined he did not work 35 hours per week."

15. The letter sent from Defendant to Plaintiff on or about January 28, 2019, lists Steven Lovas' hours worked from July 9, 2018, through September 30, 2018, and states his "average hours worked" per week during that time were 24.04.

16. During the time period listed in the letter from July 9, 2018, though September 30, 2018, Steven Lovas worked at least 35 hours per week during the following four weeks:

    a. August 6 – August 12, 2018

    b. August 13 – August 19, 2018

    c. August 27 – September 2, 2018

    d. September 10 – September 16, 2018

17. The Policy states that "the covered person's insurance will terminate at 12:00 midnight Eastern Standard time on the earliest of the following dates:

    a. The last day of the month in which he ceases to be Actively At Work, unless active work ceases during an approved . . . medical leave of absence, the Life

Insurance Benefit . . . will continue for up to 3 months from the date he stopped active work."

18. On information and belief, Steven Lovas' absences from his employment were approved by his employer as a "medical leave of absence" due to Steven's health issues and illness.

19. On information and belief, Steven Lovas was never disciplined or punished by his employer as a result of being absent from work at any point.

20. Whether a Covered Person's medical leave of absence is approved is a determination made by the Covered Person's employer, not by Defendant.

21. On information and belief, while Steven Lovas was still alive, Steven's life insurance benefit was never terminated by the Defendant "at 12:00 midnight the last day of the month in which he cease[d] to be Actively at Work," even though the Defendant alleges in its letter to Plaintiff on or about January 28, 2019, that Steven was not "Actively at Work" during significant periods of 2017 – 2018.

22. On information and belief, Steven Lovas was never notified by Defendant that his life insurance benefit was terminated at any point prior to his death on November 12, 2018, and was never contacted by Defendant for any inquiry as to hours worked at any time.

23. On information and belief, Defendant was never contacted by Steven Lovas' employer at any point while Steven was still alive with regard to Steven's hours worked.

24. The Policy does not clearly articulate any mechanism of communication or notice to a Covered Person from Defendant, if or when a Covered Person's life insurance benefit is terminated due to failure to remain "Actively at Work."

25. The Policy does not clearly articulate any mechanism by which a Covered Person can regain their life insurance benefit if the benefit had been terminated due to a failure to

remain "Actively at Work," nor does the Policy state any warning mechanism by Defendant to inform a Covered Person that they may lose their life insurance benefit.

26. The Policy does not state any specific length of time that Defendant may "look back" through the Covered Person's employment history to determine an average amount of hours when the Covered Person was "Actively at Work."

27. The Policy does not state that any mathematical formula will be used by Defendant at any point, during the Covered Person's lifetime or upon an attempt by a beneficiary to make a claim, in order for Defendant to determine when a Covered Person ceased to be in an eligible class of employee with regard to hours "Actively at Work."

28. Due to these failures and omissions from the Policy by Defendant listed in the preceding paragraphs, it would be impossible for a Covered Person to know whether a life insurance benefit was terminated at any point while the Covered Person was still alive. Only upon a beneficiary attempting to make a claim would a beneficiary become aware that, at some point previously, the Covered Person's life insurance benefit was terminated without any warning or notice.

## CAUSES OF ACTION

### I.    Breach of Contract

29. Mr. Lovas incorporates by reference all preceding paragraphs as if fully set forth herein.

30. Steven Lovas entered into a legally binding insurance contract, the Policy, with Defendant. Steven substantially complied with his obligations under the contract by paying his premiums, and by remaining "Actively at Work" for the required amount of time.

31. In failing to pay Plaintiff the $25,000 upon Steven Lovas' death, Defendant has failed to fulfill its obligations to the Plaintiff and abused its discretion by denying the Plaintiff the benefits earned and available under the Policy, after Steven Lovas complied with all material terms and requirements under the Policy.

32. The Plaintiff has suffered monetary and reasonably foreseeable damages as a result of Defendant's breach of its agreements with Steven Lovas, to which the Plaintiff was a third-party beneficiary.

33. Plaintiff requests judgment against Defendant for the amount not paid, as well as consequential damages suffered as a result of Defendant's breach.

## II.     Bad Faith

34. Mr. Lovas realleges incorporates by reference all preceding paragraphs as if fully set forth herein.

35. On or about January 28, 2019, Defendant denied Plaintiff's claim to life insurance benefits without reasonable investigation.

36. A reasonable investigation would have uncovered evidence that, in fact, confirms that Steven Lovas was "Actively at Work" for the time required by the Policy, and that Steven's medical leave of absence was approved by his employer.

37. Defendant breached its duty of good faith and fair dealing to the Plaintiff; i.e. Defendant acted in bad faith and engaged in unfair methods and practices in way including, but not limited to, one or more of the following:

    a. By failing to perform an adequate investigation as to whether Steven Lovas was a Covered Employee by remaining "Actively at Work, and;

    b. By failing to articulate in its Policy the methods used to deny the claim, and;

    c.　By failing to use a reasonable decision-making process when denying the claim.

38. As a direct and proximate result of the above course of conduct by Defendant, Plaintiff has sustained consequential and exemplary damages, and incurred attorney's fees that will be proven at trial.

### III.　Punitive Damages

39. Mr. Lovas realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

40. That the course of conduct by Defendant described in this Complaint constitutes an intentional disregard of the rights of the Plaintiff, entitling Plaintiff to punitive damages in an amount to be determined by the jury in a Court.

41. Defendant's conduct and choosing to use selective information when denying the claim, not supported by Defendant's own Policy, is outrageous and further entitles Plaintiff to punitive damages.

### PRAYER FOR RELIEF

42. WHEREFORE, Plaintiff demands judgment against the Defendant for damages in accordance with the allegations in this Complaint as follows:

    a.　For contractual life insurance benefits due and owing, and;

    b.　For compensatory damages arising out of Defendant's breach of its contract, and;

    c.　For the litigation and investigation costs, including actual attorney's fees incurred to bring this action, and other exemplary damages that will be proven at trial, and;

    d.　For punitive damages as described above, and;

    e.　For interest on the unpaid amounts in applicable statutory damages, and;

    f.　For any and all such other relief as this Court may deem just and appropriate.

Dated this 31st day of January, 2020

        NASH, SPINDLER, GRIMSTAD & MCCRACKEN, LLP

           Electronically Signed By:
           John F. Mayer
           State Bar No. 1017384
           Attorney for Plaintiff James R. Lovas

        LUCARELI LAW OFFICES, LLC

           Electronically Signed By:
           Ben L. Lucareli
           State Bar No. 1113725
           Attorney for Plaintiff James R. Lovas

Prepared By:

Attorney Ben Lucareli
Lucareli Law Offices, LLC
414 E. Walnut Street #150
Green Bay, WI 54301
(920) 328-5404
FAX (715) 479-9714
ben@lucarelilaw.com