IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JAMES R. LOVAS,
1122 Tyson Road
Eagle River, WI 54521

       Plaintiff,

         Case No.: 20-CV-247

v.

UNITEDHEALTHCARE SPECIALTY
BENEFITS, LLC,
c/o its Registered Agent, CT Corporation
System,
301 S. Bedford St. Suite 1
Madison, WI 53703

       Defendant.

---

## AMENDED COMPLAINT

---

  NOW COMES the Plaintiff, James R. Lovas, by his attorneys, Ben Lucareli, Lucareli

Law Offices, LLC, and John Mayer, Nash, Spindler, Grimstad & McCracken LLP, and for his

Amended Complaint against the Defendant, UnitedHealthcare Specialty Benefits, LLC, hereby

alleges as follows:

### NATURE OF THE ACTION

1. This is a Section 502(a) ERISA action arising out of an employer-sponsored group life

  insurance policy and the insurance company's wrongful denial of a claim for accidental

  death benefits.

## PARTIES

2. Plaintiff, James Lovas, is an adult resident of Wisconsin, who resides at 1122 Tyson Road, Eagle River, Wisconsin 54521.

3. Plaintiff was the brother of Steven Lovas.

4. Steven Lovas died on November 12, 2018.

5. Defendant, UnitedHealthcare Specialty Benefits, LLC (hereinafter "UnitedHealthcare"), is a Maine Company doing business in all counties of Wisconsin with its principal office located at 300 Southborough Drive, South Portland, Maine, 04106. Its registered agent for service of process is CT Corporation System, 301 S. Bedford St. Suite 1, Madison, Wisconsin 53703.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, conferring jurisdiction upon this Court over all civil actions arising out of the laws of the United States. This controversy, as it relates to Lincoln Financial, arises under 29 U.S.C. § 1001 et seq. ("ERISA").

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the claim arose in this judicial district.

## GENERAL ALLEGATIONS

8. At all times relevant and material to this Complaint, Steven Lovas was employed by Herdeman Corporation.

9. Herdeman Corporation sponsored a group-level benefit term life insurance policy, Policy 0773384 ("the Policy"), for employees through UnitedHealthcare, under which UnitedHealthcare promised to pay the benefits provided by said policy.

2

10. Steven Lovas was a participant in the group-level benefit term life insurance policy offered through UnitedHealthcare, and James Lovas was named as the sole beneficiary.

11. Steven Lovas passed away on November 12, 2018. The Wisconsin Certificate of Death indicates that the Manner of Death was "natural," and is stated as "alcoholic cirrhosis" and "acute renal failure."

12. The Policy provides life insurance benefits to "all full-time employees," and defines a "full-time" employee as an employee "working at least 35 hours per week."

13. The Policy defines a "covered person" as "the employee covered under the policy."

14. The Policy defines "Actively at Work" as a Covered Person reporting "for work at his usual place of employment . . . and is able to perform the material and substantial duties of his regular occupation for the entire normal workday."

15. At all times material and relevant to this Complaint, Steven Lovas was a "covered person" under the Policy.

16. In the letter denying benefits, sent from Defendant to Plaintiff on or about January 28, 2019, Defendant states that it was unable to provide benefits to Plaintiff because Steven Lovas "did not work the minimum number of hours required," and as a result "was not eligible for benefits."

17. The letter sent from Defendant to Plaintiff on or about January 28, 2019, states that Steven Lovas' last day worked was October 2, 2018, that "payroll records provided show that [Steven Lovas] worked on average 24.04 hours per week for the 12-week period prior to his date last worked."

18. The letter sent from Defendant to Plaintiff on or about January 28, 2019, further states that Defendant "reviewed [Steven Lovas'] time records for the full year from October 2017 through October 2018 and determined he did not work 35 hours per week."

19. The letter sent from Defendant to Plaintiff on or about January 28, 2019, lists Steven Lovas' hours worked from July 9, 2018, through September 30, 2018, and states his "average hours worked" per week during that time were 24.04.

20. During the time period listed in the letter from July 9, 2018, though September 30, 2018, Steven Lovas worked at least 35 hours per week during the following four weeks:

    a. August 6 – August 12, 2018

    b. August 13 – August 19, 2018

    c. August 27 – September 2, 2018

    d. September 10 – September 16, 2018

21. The Policy states that "the covered person's insurance will terminate at 12:00 midnight Eastern Standard time on the earliest of the following dates:

    a. The last day of the month in which he ceases to be Actively At Work, unless active work ceases during an approved . . . medical leave of absence, the Life Insurance Benefit . . . will continue for up to 3 months from the date he stopped active work."

22. On information and belief, Steven Lovas' absences from his employment were approved by his employer as a "medical leave of absence" due to Steven's health issues and illness.

23. On information and belief, Steven Lovas was never disciplined or punished by his employer as a result of being absent from work at any point.

24. Whether a Covered Person's medical leave of absence is approved is a determination made by the Covered Person's employer, not by Defendant.

25. On information and belief, while Steven Lovas was still alive, Steven's life insurance benefit was never terminated by the Defendant "at 12:00 midnight the last day of the month in which he cease[d] to be Actively at Work," even though the Defendant alleges in its letter to Plaintiff on or about January 28, 2019, that Steven was not "Actively at Work" during significant periods of calendar years 2017 and 2018.

26. On information and belief, Steven Lovas was never notified by Defendant that his life insurance benefit was terminated at any point prior to his death on November 12, 2018, and was never contacted by Defendant for any inquiry as to hours worked at any time.

27. On information and belief, Defendant was never contacted by Steven Lovas's employer at any point while Steven was still alive with regard to Steven's hours worked.

28. The Policy does not clearly articulate any mechanism of communication or notice to a Covered Person from Defendant, if or when a Covered Person's life insurance benefit is terminated due to failure to remain "Actively at Work."

29. The Policy does not clearly articulate any mechanism by which a Covered Person can regain their life insurance benefit if the benefit had been terminated due to a failure to remain "Actively at Work," nor does the Policy state any warning mechanism by Defendant to inform a Covered Person that they may lose their life insurance benefit.

30. The Policy does not state any specific length of time that Defendant may "look back" through the Covered Person's employment history to determine an average amount of hours when the Covered Person was "Actively at Work."

5

31. The Policy does not state that any mathematical formula will be used by Defendant at any point, during the Covered Person's lifetime, or upon an attempt by a beneficiary to make a claim, in order for Defendant to determine when a Covered Person ceased to be in an eligible class of employee with regard to hours "Actively at Work."

32. Due to these failures and omissions from the Policy by Defendant described in the preceding paragraphs, it would be impossible for any Covered Person to know whether a life insurance benefit was terminated at any point while the Covered Person was still alive. Only upon a beneficiary attempting to make a claim would a beneficiary become aware that, at some point previously, the Covered Person's life insurance benefit was terminated without any warning or notice.

33. Plaintiff submitted a Request for Life Insurance Benefits to Defendant on or about December 12, 2018, and Defendant denied Benefits on or about January 28, 2019.

34. On or about March 15, 2019, James Lovas appealed the January 28, 2019, denial in writing, as required by Defendant. On or about April 18, 2019, Defendant denied James Lovas's claim again, on the basis that "Mr. (Steven) Lovas did not work the minimum number of hours required to be covered under the Policy . . ."

**FIRST CAUSE OF ACTION**

35. Plaintiff realleges and reincorporates the preceding paragraphs as if set forth in full.

36. At all times relevant, UnitedHealthcare issued a group-level benefit term life insurance policy providing for accidental death benefits to Steven Lovas's beneficiary through his employment with Herdeman Corporation.

37. Steven Lovas had a legally binding insurance contract with UnitedHealthcare.

6

38. James Lovas has substantially complied with the terms of the Policy, including exhausting the internal appeals process.

39. James Lovas properly made a claim for Life Insurance Benefits and took reasonable measures to ensure that UnitedHealthcare was provided with all information relevant to process said claim.

40. Despite cooperation by James Lovas, UnitedHealthcare has breached its insurance contact by failing to, among other things, provide James Lovas Life Insurance Benefits.

41. Under the governing provisions of ERISA, 29 U.S.C. §§ 1132, et seq., and the terms of the policy at issue, UnitedHealthcare's denial of James Lovas's Life Insurance Benefits claim was wrongful; James Lovas is entitled to Life Insurance Benefits under the policy.

WHEREFORE, James Lovas demands judgement against Defendant, UnitedHealthcare Specialty Benefits, LLC, as follows:

A. For the contractual insurance benefits due and owing;

B. For compensatory damages arising out of the Defendant's breach of contract;

C. For the litigation and investigative costs pursuance to 29 U.S.C. § 1132(g)(1), including actual attorney's fees incurred to bring this suit, and other exemplary damages that will be proven at trial;

D. For prejudgment interest at the rate of 12% per annum on the claim that was submitted and wrongfully denied by Defendant, pursuant to Wis. Stat. § 628.46, and;

E. For any and all other relief that this Court finds just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF 12 PERSONS**

7

Dated this 24th day of February, 2020

NASH, SPINDLER, GRIMSTAD & MCCRACKEN, LLP

Electronically Signed By:
John F. Mayer
State Bar No. 1017384
Attorney for Plaintiff James R. Lovas
1425 Memorial Drive
Manitowoc, WI 54220
(920) 684-3321 Telephone
(920) 684-0544 Facsimile
jmayer@nashlaw.com

LUCARELI LAW OFFICES, LLC

Electronically Signed By:
Ben L. Lucareli
State Bar No. 1113725
Attorney for Plaintiff James R. Lovas
414 E. Walnut Street #150
Green Bay, WI 54301
(920) 328-5404 Telephone
(715) 479-9714 Facsimile
ben@lucarelilaw.com